IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ROBERTO COVARRUBIAS
522 SOUTH BAIRD STREET
GREEN BAY, WISCONSIN  54301

    Plaintiff,

v.                                            Case No. 17-cv-189

JBS PACKERLAND, INC.
C/O CORPORATION SERVICE
8040 EXCELSIOR DRIVE
SUITE 400
MADISON, WISCONSIN 53717

    Defendant.

## COMPLAINT

NOW COMES Plaintiff Roberto Covarrubias by his attorneys, Arellano & Phebus, S.C. and as for his complaint alleges and shows the court as follows:

### I.
### NATURE OF THE CLAIM

1. Plaintiff Roberto Covarrubias ("Plaintiff") brings this action pursuant to the Americans with Disabilities Act (ADA).

Plaintiff alleges that Defendant subjected him to a pattern of disparate treatment, failure to accommodate, and adverse actions because of his disability.

### II.
### JURISDICTION AND VENUE

2. The court has jurisdiction pursuant to 28 U.S.C. 1331. Venue is proper pursuant to 28 U.S.C. § 1343, 1331, and under the 14th amendment of the U.S. constitution.

All administrative remedies have been exhausted and a Right to Sue Letter was issued by the Federal Equal Opportunity Commission (see attached).

### III.
### PARTIES

3. Plaintiff Roberto Covorrubias is an adult with an address at 522 South Baird Street, Green Bay, Wisconsin 54301.

4. Defendant JBS Packerland, Inc. operates a meat processing plant at 1330 Lime Kiln Road, Green Bay, Wisconsin 54305.

4a. Its registered agent is Corporation Service Company with an address at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

## IV.
## FACTUAL ALLEGATIONS

5. Plaintiff began his employment at the Green Bay plant in 1995 when it was named Packerland Packing. JBS Packerland, Inc. became the owner/employer at the plant in 2008. In 1999 Covarrubias sustained a lumbar spine injury at the plant which required a two level lumbar fusion from L4 to S1.

6. Plaintiff's lumbar spine injury is a disability pursuant to the Americans with Disabilities Act. Among other things, it affects his ability to work. As a result, his physician placed restrictions upon his ability to work which included temperature environmental guidelines (not lower than sixty degrees) and requested accommodations involving a floor mat and the removal of a fan in the work area.

7. At all times material hereto Plaintiff had a performance history which met the reasonable expectations of his employer.

8. Upon information and belief Defendant has an anti-discrimination and anti-retaliation policy in place.

9. In response to Plaintiff's request for accommodation, the Defendant refused to accommodate within his position and retaliated against him by moving him to another position which resulted in the loss of wages.

10. Plaintiff has sustained loss of wages, been moved to a less desirable position and suffered physical pain and emotional distress as a result of the actions of the defendant which were in violation of the ADA.

   WHEREFORE, Plaintiff demands the following:

   a. reinstatement into his prior positions with an order to accommodate his restrictions and back pay;

   b. compensatory damages for the emotional injury, distress, and physical pain and suffering;

c. an injunction against Defendant ordering that they cease and desist the discriminatory practices towards Plaintiff;

d. punitive damages;

e. reasonable attorney's fees and costs incurred in both the administrative action before the State Equal Rights Division as well as the instant Federal Court; and

f. any other relief the court may deem just and proper.

Dated this 10th day of February, 2017.

        ARELLANO & PHEBUS, S.C.
        Attorneys for Plaintiff

        s/ Victor M. Arellano
        Victor M. Arellano
        State Bar No.1011684
        varellano@aplawoffice.com
        Douglas J. Phebus
        State Bar No. 1029524
        dphebus@aplawoffice.com
        1468 N. High Point Road, Suite 102
        Middleton, WI  53562
        Telephone:  (608) 827-7680